JOHN B. DEMPSEY *vs.* CLERK OF THE SUPERIOR COURT FOR CRIMINAL BUSINESS IN SUFFOLK COUNTY & another.[1] August 5, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Criminal Records.*

The petitioner, John B, Dempsey, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

The petitioner filed a petition in the Superior Court to seal certain Superior Court, Boston Municipal Court, and District Court criminal records. A judge in the Superior Court denied the petition on the basis that the court did not have the authority to seal records in cases resulting in convictions and committed sentences. The petitioner then filed his petition pursuant to G. L. c. 211, § 3, in the county court seeking to have the records sealed pursuant to G. L. c. 276, § 100A. The single justice denied the petition, stating that the statute governing the sealing of records by a court, G. L. c. 276, § 100C, does not authorize the court to seal criminal records where the defendant has been

---

[1]Clerk of the Boston Municipal Court Department.

convicted or where a charge has been placed on file. The single justice also noted that the petitioner may be entitled to have certain records sealed under G. L. c. 276, § 100A, but that any such request must be made to the Commissioner of Probation, not the court.

The petitioner has now filed what is intended as a memorandum and record appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), but he is not challenging any interlocutory ruling of the trial court. Regardless whether rule 2:21 applies, however, the petitioner has not demonstrated that he could not have otherwise obtained adequate appellate review, by appealing from the Superior Court judge's denial of his petition to seal his records. Cf. *Commonwealth* v. *Vickey*, 381 Mass. 762, 763 (1980) (appeal from denial of motion to seal records). Furthermore, as noted by the single justice, the petitioner may be entitled to have certain records sealed pursuant to G. L. c. 276, § 100A (as to which we express no opinion), but he must make that request to the Commissioner of Probation.

The single justice did not err or abuse her discretion in denying relief pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John B. Dempsey,* pro se.